IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

| | |
|---|---|
| **DEBRA HOWARD,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | **Civil Action Number:** |
| **vs.** ) | |
| ) | |
| **ADAM NICHOLAS SHELTON;** ) | |
| **TRAVELERS PROPERTY CASUALTY** ) | |
| **INSURANCE COMPANY,** ) | |
| ) | |
| **Defendants.** ) | |
| ) | |
| ) | |

## NOTICE OF REMOVAL

COMES NOW Defendant The Travelers Home and Marine Insurance Company ("Travelers"), incorrectly designated in Plaintiff's Complaint as Travelers Property Casualty Insurance Company, and files this Notice of Removal of this action from the Circuit Court of Lawrence County, Alabama (CV-2018-900124) to the United States District Court for the Northern District of Alabama, Northeastern Division, and shows unto the Court the following:

**I.    Diversity of Citizenship**

1.    On September 6, 2018, Plaintiff commenced the above-entitled action against Travelers and Adam Nicholas Shelton ("Shelton") in the Circuit Court of Lawrence County, Alabama, CV-2015-900124, and is now pending therein.

2.    In Plaintiff's Complaint, Plaintiff alleged she sustained personal injury and damages resulting from a February 17, 2017 automobile accident and asserted three claims: Count One - Negligence; Count Two - Wantonness; and Count 3 - Uninsured/Underinsured Motorist Coverage

(asserted only against Travelers). A copy of Plaintiff's Complaint is attached hereto as part of Exhibit A.

3. In her Complaint, Plaintiff states that she is a resident of Franklin County in the State of Alabama. [Complaint at ¶ 1]. Therefore, at the time of the commencement of this action, and since that time, Plaintiff was and is a citizen of the State of Alabama.

4. In her Complaint, Plaintiff admits that Travelers is a foreign corporation. [Complaint at ¶ 3]. Travelers affirmatively states that, at the time of the commencement of this action, and since that time, it was and is a corporation organized and existing under the laws of the State of Connecticut, with its principal place of business in Hartford, Connecticut.[1]

5. In her Complaint, Plaintiff also states that Defendant Shelton is a resident of Morgan County in the State of Alabama. [Complaint at ¶ 2].

6. Thus, based on the allegations in Plaintiff's Complaint, this case was not removable to the federal courts at the time Plaintiff filed her Complaint because Plaintiff and Defendant Shelton were both citizens of the State of Alabama; therefore, there was no diversity of citizenship.

7. Moreover, Plaintiff represented to the Lawrence County Circuit Court that it personally served Shelton with the Summons and Complaint on September 7, 2018. A copy of the Return of Service is attached hereto as Exhibit B (purportedly showing personal service on Shelton by Plaintiff's process server).

---

[1] As noted above, The Travelers Home and Marine Insurance Company was incorrectly designated in Plaintiff's Complaint as Travelers Property Casualty Insurance Company. *See also* Ex. F, which is a copy of the policy at issue in this litigation issued by The Travelers Home and Marine Insurance Company. Travelers Property Casualty Insurance Company is also a corporation organized and existing under the laws of the State of Connecticut with its principal place of business in Hartford, Connecticut.

8.     However, Shelton died on April 21, 2017, as later discovered by Travelers. [*See* Exhibit C, copy of an April 26, 2017 Order entered by the District Court of Lawrence County, Alabama; Exhibit D, obituary notice].

9.     Therefore, it is now clear that Shelton had been dead almost a year and a half before Plaintiff instituted this action on September 6, 2018 and before Plaintiff claims to have personally served Shelton with the Summons and Complaint on September 7, 2018.

10.    When Travelers became aware of Shelton's death, the undersigned informed Plaintiff's counsel of the fact on July 24, 2019.  A copy of the July 24, 2019 letter is attached hereto as Exhibit E.

11.    To date, Plaintiff's counsel has not responded to the undersigned in any way regarding Defendant Shelton's death or Plaintiff's clearly incorrect representations to the Lawrence County Circuit Court that she personally served Defendant Shelton with the Summons and Complaint – over a year and a half after he died.

12.    Because Defendant Shelton was dead before Plaintiff filed the present action, Plaintiff cannot maintain a claim against Defendant Shelton individually.  *See* ALA. CODE § 6-5-462 (1975).  However, "[Plaintiff's] claims survived against [Shelton's] personal representative." *Mitchell v. Thornley*, 98 So. 3d 556, 557 (Ala. Civ. App. 2012); *See* ALA. CODE § 6-5-462 (1975).

13.    Pursuant to 28 U.S.C. Section 1332(c)(2), the personal representative of Defendant Shelton's estate would be a citizen and resident of the State of Alabama, because, at the time of his death, Defendant Shelton was a citizen and resident of the State of Alabama.

14.    The accident at issue in the present case occurred on February 17, 2017.

3

15. Under Alabama law, the statute of limitations for negligence and wantonness claims is two years. However, "[th]e time between the death of a person and the grant of letters testamentary or of administration, not exceeding six months, is not to be taken as any part of the time limited for the commencement of actions by or against his executors or administrators." ALA. CODE § 6-2-14 (1975). The Alabama Supreme Court has "interpreted this Code section to mean that the running of the limitations period is tolled for a period up to, but not exceeding, six months . . . to allow the personal representative to sue or be sued in the decedent's name." *Nelson v. Estate of Frederick*, 855 So.2d 1043, 1047 (Ala.2003); *See also Sanders v. Martin,* 662 So. 2d 241, 245 (Ala. 1995); *Mitchell v. Thornley*, 98 So. 3d 556, 559 (Ala. Civ. App. 2012).

16. Therefore, Plaintiff had until August 19, 2019 – two years and six months following the February 17, 2017 automobile accident – to substitute a personal representative of Shelton's estate to this action. Plaintiff did not do so.

17. The statute of limitations expired for any claim against Defendant Shelton's estate on August 19, 2019. It was therefore established as of that date that Plaintiff cannot maintain a claim against Defendant Shelton, the only non-diverse defendant.

18. Travelers has timely removed this case to this court within 30 days of August 19, 2019. *See* 28 U.S.C. § 1446(b)(3); *see also Cutrone v. Mortg. Elec. Registration Sys., Inc.,* 749 F.3d 137, 139 (2d Cir. 2014) *(*"hold[ing] that where a plaintiff's papers fail to trigger the removal clocks of 28 U.S.C. §§ 1446(b)(1) and (b)(3), a defendant may remove a case when, upon its own independent investigation, it determines that the case is removable. . ."); *Roth v. CHA Hollywood Med. Ctr., L.P.,* 720 F.3d 1121, 1125 (9th Cir. 2013) ("We conclude that §§ 1441 and 1446, read

together, permit a defendant to remove outside the two thirty-day periods on the basis of its own information, provided that it has not run afoul of either of the thirty-day deadlines).

19.Plaintiff and Travelers are the only proper parties to the lawsuit and they are diverse from one another. Therefore, this Court has diversity jurisdiction pursuant to 28 U.S.C. Section 1332(a)(1).[2]

## II.Amount in Controversy

20.The amount in controversy exceeds $75,000, pursuant to 28 U.S.C. Section 1332(a).[3] "[A] removing defendant is not required to prove the amount in controversy beyond all doubt or to banish all uncertainty about it." *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 754 (11th Cir. 2010).

21.Where, as here, the amount in controversy is not specified in the Complaint, a removing defendant need only prove "by a preponderance of the evidence that the amount in controversy more likely than not exceeds the . . . jurisdictional requirement." *Roe v. Michelin N. Am., Inc.*, 613 F.3d 1058, 1061 (11th Cir. 2010).

22.Plaintiff asserts claims for negligence, wantonness, and uninsured/underinsured motorist coverage as a result of an automobile accident. As damages, Plaintiff seeks recovery "for

---

[2] Plaintiff's Complaint also contains mention of fictitious parties. [Ex. A, Complaint, p. 2-3, ¶¶ 4-9]. However, "the citizenship of defendants sued under fictitious names shall be disregarded" for removal pursuant to diversity of citizenship. 28 U.S.C. § 1441(b)(1). Therefore, the fictitious defendants have no impact on the removal of this matter.

[3] Travelers denies the allegations in Plaintiff's Complaint and denies that it is liable to Plaintiff for any damages; however, based on the allegations in the Complaint and the attached exhibits, the amount in controversy exceeds the jurisdictional amount.

general and special damages as well as compensatory and punitive damages." [Ex. A, Complaint pp. 4, 5].

23. A removing party can present evidence establishing that the amount in controversy is met. *Roe*, 613 F.3d at 1061, 1061 n.4. "Eleventh Circuit precedent permits district courts to make reasonable deductions, reasonable inferences, or other reasonable extrapolations from the pleadings to determine whether it is facially apparent that a case is removable." *Id.* at 1061-62 (quotations and citations omitted). "Put simply, a district court need not suspend reality or shelve common sense in determining whether the face of a complaint . . . establishes the jurisdictional amount." *Id.* at 1062 (quotations and citations omitted). "Instead, courts may use their judicial experience and common sense in determining whether the case stated in a complaint meets federal jurisdictional standards." *Id.*

24. A preponderance of the evidence establishes that the amount in controversy is met in this case. Plaintiff claims arise from an automobile accident on or about February 17, 2019. [Ex. A, Complaint, p. 3, ¶¶ 10-12]. Plaintiff claims entitlement to insurance proceeds from Travelers under a policy of insurance issued to her parents, Elvin A. Howard and Lisa Howard. The policy under which Plaintiff seeks coverage contains the following policy limits:

- $200,000.00 for Uninsured Motorists Bodily Injury coverage
- $25,000.00 for Medical Payments coverage

A certified copy of the Travelers policy is attached hereto as Exhibit F.

25. In her complaint, Plaintiff claim damages from Travelers for the following:

(a) She suffered injury to her back, left leg, and left arm;

(b) She suffered various to various portions of the body;

(c) She was knocked, shocked, bruised and contused over various portions of the body;

(d) She was *permanently* injured and damaged;

(e) She suffered *great* physical pain and *mental anguish*;

(f) She was caused to incur expenses for treatment from various doctors, physicians, and hospitals;

(g) She will continue to incur expenses for treatment from various doctors, physicians and hospitals;

(h) She was caused to suffer lost wages; and

(g) She received aggravation and or exacerbation to then exiting conditions that she either did or did not know existed at the time of this wreck.

[Ex. A., Complaint p. 4 ¶ 15][emphasis added].

26. Based on these alleged damages, Plaintiff made two policy limits demands to Travelers prior to initiating suit, both of which exceed $75,000.00.[4] In addition, Plaintiff's February 22, 2018 demand included a summary of her claimed medical expenses totaling $47,709.14. A copy of these demand letters and the medical expense summary are attached hereto as Exhibit G.

27. Therefore, the preponderance of the evidence establishes that the amount in controversy exceeds $75,000, and this Court has jurisdiction over this matter.

WHEREFORE, PREMISES CONSIDERED, Travelers prays that this Honorable Court take jurisdiction of this cause and issue all necessary orders and process in order to remove the above-referenced action from the Circuit Court of Lawrence County, Alabama.

---

[4]Additionally, Plaintiff claims that she is entitled to punitive damages. "When determining the jurisdictional amount in controversy in diversity cases, punitive damages must be considered . . . unless it is apparent to a legal certainty that such cannot be recovered." *Holley Equip. Co. v. Credit All. Corp.*, 821 F.2d 1531, 1535 (11th Cir. 1987).

Respectfully submitted,

 s/Susan H. McCurry
Joel S. Isenberg (ASB-8855-N76J)
Susan H. McCurry (ASB-5544G54S)
Attorneys for Defendant The Travelers Home
and Marine Insurance Company

**OF COUNSEL:**
ELY & ISENBERG, LLC
2100-B SouthBridge Parkway
Suite 380
Birmingham, Alabama 35209
Telephone: (205) 313-1200
Facsimile: (205) 313-1201
jisenberg@elylawllc.com
smccurry@elylawllc.com

**CERTIFICATE OF SERVICE**

    I do hereby certify that a true and accurate copy of the foregoing has been served on all parties of record via the CM/ECF electronic filing system and/or U.S. Mail on this the 23rd day of August, 2019.

Paul A. Spina, III
Shunnarah Injury Lawyers
2900 First Avenue South
Birmingham, Alabama 35233

                   s/Susan H. McCurry
                  **OF COUNSEL**