FILED
2020 Mar-05  PM 05:05
U.S. DISTRICT COURT
N.D. OF ALABAMA

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION**

| | | |
|---|---|---|
| **DEBRA HOWARD,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 5:19-cv-01377-MHH** |
| | ) | |
| **THE TRAVELERS HOME** | ) | |
| **AND MARINE INSURANCE** | ) | |
| **COMPANY** | ) | |
| | ) | |
| **Defendant.** | ) | |

**MEMORANDUM OF LAW IN SUPPORT OF
THE TRAVELERS HOME AND MARINE INSURANCE COMPANY'S
<u>MOTION FOR SUMMARY JUDGMENT</u>**

OF COUNSEL:

Joel S. Isenberg
jisenberg@elylawllc.com
Susan H. McCurry
smccurry@elylawllc.com
Kenneth W. Boyles, Jr.
kboyles@elylawllc.com

ELY & ISENBERG, LLC
2100-B SouthBridge Parkway, Suite 380
Birmingham, Alabama 35209
Telephone:  (205) 313-1200
Facsimile:   (205) 313-1201

# **TABLE OF CONTENTS**

INTRODUCTION ..................................................................................1

STATEMENT OF UNDISPUTED MATERIAL FACTS ........................................2

   A. The Accident ..........................................................................2

   B. The Travelers Policy .................................................................4

   C. The Present Action ...................................................................7

STANDARD OF REVIEW .......................................................................8

ARGUMENT ......................................................................................9

I.   THE TRAVELERS POLICY DOES NOT PROVIDE COVERAGE
    BECAUSE PLAINTIFF IS NOT "LEGALLY ENTITLED TO RECOVER"
    FROM MR. SHELTON......................................................................9

   A. Plaintiff's negligence claim is barred by the Alabama Guest Passenger
      Statute. ...............................................................................11

      1.   Plaintiff was a "guest" within the meaning of the Statute. ...................11

      2.   Plaintiff has not presented any evidence to circumvent application of
         the Statute. .....................................................................12

   B. Plaintiff has not met her burden to demonstrate wantonness......................15

II.  PLAINTIFF'S CLAIM FOR UM/UIM BENEFITS IS FURTHER BARRED
    BY THE POLICY'S EXPRESS TERMS AND CONDITIONS. ......................20

   A. Plaintiff has not presented evidence that the vehicle was an "uninsured
      motor vehicle." ......................................................................20

   B. Travelers has suffered prejudice due to Plaintiff material and substantial
      failure to comply with the Policy's conditions precedent to coverage. ........21

CONCLUSION ...................................................................................24

i.

Pursuant to Rule 56(c) of the Federal Rules of Civil Procedure, Defendant The Travelers Home and Marine Insurance Company ("Travelers") respectfully submits this memorandum of law in support of its motion for summary judgment:

## **INTRODUCTION**

This lawsuit arises from a single-vehicle accident in which Plaintiff Debra Howard was a guest passenger in a vehicle driven by Adam Shelton. Plaintiff initiated this action against Mr. Shelton and Travelers for injuries she claims to have sustained in the accident. Plaintiff asserted negligence and wantonness claims against Mr. Shelton[1] and a claim for Uninsured/Underinsured Motorist ("UM/UIM") Coverage benefits against Travelers.

Given the undisputed context in which the accident occurred, Plaintiff is not legally entitled to recover against Mr. Shelton; therefore, her claim against Travelers fails as a matter of law. In addition, Plaintiff's claim against Travelers is barred from coverage under Alabama law and the Policy's express terms and conditions precedent to coverage. As discussed below, Travelers is entitled to summary judgment, and Plaintiff's action is due to be dismissed with prejudice.

---

[1] Mr. Shelton died on April 21, 2017 of causes unrelated to the subject accident. Mr. Shelton was named in the Complaint, but because Plaintiff did not substitute a personal representative for Mr. Shelton's estate as a party, the statute of limitations has expired for any claims against Mr. Shelton's estate. Therefore, Travelers is the only defendant in this action.

## STATEMENT OF UNDISPUTED MATERIAL FACTS

### A.    The Accident

This case arises out of a single-vehicle accident that occurred around 2:20 A.M. on February 17, 2017 in Lawrence County, Alabama. (Doc. 26-1, p. 2).[2] Plaintiff Debra Howard and Adam Shelton met "a couple of months" prior to the accident, and the two were dating.  (Doc. 26-2, p. 7: tp. 17). On or about February 15, 2017, Mr. Shelton picked up Plaintiff from her parent's house in Russellville, Alabama to stay with him at his home in Trinity, Alabama. (Doc. 26-2, p. 8: tp. 24).

On February 16, 2017, Plaintiff suffered from a grand mal seizure, and Plaintiff "was going in and out of seizures" up until the time of the accident. (Doc. 26-2, p. 7: tp. 20). The seizures affect Plaintiff's memory, and as a result, "most important stuff [she] forget[s]." (Doc. 26-2, p. 10: tp. 30).

Prior to the accident, Plaintiff and Mr. Shelton were at Mr. Shelton's home with Jeffrey Adam McCaleb and Mr. McCaleb's girlfriend.  (Doc. 26-2, p. 8: tpp. 21-23).  Plaintiff and Mr. Shelton departed Mr. Shelton's home in a 2015 Nissan Altima rented by Mr. McCaleb and owned by EAN Holdings, LLC d/b/a Enterprise

---

[2] Travelers has proffered only those portions of the Alabama Uniform Traffic Crash Report (Doc. 26-1) that reflect Alabama State Trooper Jason A. White's first-hand knowledge regarding his own observations after he arrived at the scene of the accident. *See Crusoe v. Davis*, 176 So. 3d 1200, 1203 (Ala. 2015).

Rent-A-Car ("Enterprise").  (Docs. 26-2, p. 8: tp. 21; 26-1, p. 2).  Plaintiff is not familiar with the area where the accident occurred; does not "know anything about Trinity" (Doc. 26-2, p. 9: tp. 27); and does not remember where she and Mr. Shelton were heading. (Doc. 26-2, p. 8: tp. 23).  Mr. Shelton was driving, and Plaintiff was riding in the passenger seat of the vehicle.[3] (Doc. 26-2, p. 8: tp. 21). Plaintiff **never paid** Mr. Shelton for driving her from place to place, and she **did not pay** Mr. Shelton for this particular trip. (Doc. 26-2, p. 9: tp. 26).

The accident occurred on County Road 327, approximately 1.8 miles from Mr. Shelton's home. (Docs. 26-1; 26-6). Plaintiff **does not remember** what caused the accident, but she stated that the vehicle hit a utility pole. (Doc. 26-2, p. 10: tp. 32). There was no recorded precipitation on the days preceding or on the date of the accident. (Doc. 26-3, p. 3). The weather was clear, and road conditions were dry. (Doc. 26-1, p. 6).

Plaintiff **does not know** the vehicle's speed at the time of the accident (Doc. 26-2, p. 8: tp. 31), and she **did not see** the vehicle's speedometer or a posted speed limit sign. (Doc. 26-2, p. 11: tp. 33).  The speed limit for the stretch of County Road 327 where the accident occurred is forty-five miles per hour (Doc. 26-1, p. 2).

---

[3] Plaintiff and Mr. Shelton were the only occupants of the vehicle at the time of the accident. (Doc. 26-2, p. 8: tp. 21).

3

Plaintiff estimated that the vehicle was traveling at "[m]aybe 15 miles per hour," and she "do[es]n't think" Mr. Shelton was speeding. (Doc. 26-2, p. 10: tp. 31). Nevertheless, when prompted by her counsel, Plaintiff testified that she told Mr. Shelton "to slow down." (Doc. 26-2, p. 17: tp. 59).

Alabama State Trooper Jeffrey A. White responded to the accident scene. (Doc. 26-1, p. 2). Trooper White did not conduct a field sobriety test on Mr. Shelton, and neither Mr. Shelton nor Plaintiff were detained or charged with any offense or citation. (Doc. 26-1, pp. 2, 5).

Plaintiff never asked Mr. Shelton if he had insurance, (Doc. 26-2, p. 14: tp. 47-48) nor did she communicate with any insurance agency, company, or representative regarding insurance coverage for Mr. Shelton. (Doc. 26-2, pp. 43-44).

## B.   The Travelers Policy

Travelers issued an Automobile Policy to Mr. Elvin A. Howard and Ms. Lisa Howard (collectively, the "named insureds") for the policy period of November 19, 2016 to May 19, 2017 (the "Policy"). (Doc. 26-4). Plaintiff is not listed on the Policy as a named insured, driver, or in any other respect. (Doc. 26-4). Coverage D-Uninsured Motorist Coverage, states, in part, as follows:

> A.   We will pay damages for bodily injury an insured is **legally entitled to recover from the owner or operator** of an "uninsured motor vehicle" because of "bodily injury":

4

1.      Sustained by an "insured"; and

2.      Caused by an accident.

The owner's or operator's liability for these damages must arise out of the ownership, maintenance or use of the "uninsured motor vehicle".

. . .

**B.**      "Insured" as used in this coverage means:

1.      You or any "family member".

(Doc. 26-4, p. 8).[4]

On March 1, 2017, Plaintiff, through counsel, notified Travelers that Plaintiff was involved in the accident. (Doc. 27-1, ¶ 4).  On March 2, 2017, Travelers called the named insureds and Plaintiff's counsel in order to determine whether Plaintiff was an "insured" and to evaluate the extent to which any coverage was afforded under the Policy. (Doc. 27-1, ¶ 5).

On March 3, 2017, Travelers called the named insureds and spoke with Ms. Howard.[5] (Doc. 27-1, ¶ 7). Consistent with Plaintiff's deposition testimony (Doc. 26-2, p. 16: tpp. 54-55), Ms. Howard stated that the attorney told them not to speak to Travelers, and the telephone call was disconnected. (Doc. 27-1, ¶ 7). Travelers called Ms. Howard back and left a voicemail explaining that Travelers needed to

---

[4] The Policy defines "family member" as "a person related to you by blood, marriage or adoption who is a resident of your household." (Doc. 26-4, p. 24).

[5] Travelers refers to Lisa Howard as "Ms. Howard" and to Debra Howard as "Plaintiff" to avoid confusion.

5

speak to the named insureds regarding Plaintiff's claim under the Policy. (Doc. 27-1, ¶ 7).

On March 7, 2017, Travelers sent the named insureds a letter requesting that they contact Travelers and reminded them that the Policy conditions require their cooperation with Travelers during its claim investigation. (Doc. 27-1, ¶ 10 & p. 8). On March 9, 2017, Travelers sent a letter to Plaintiff's counsel and requested specific documents to assist Travelers in evaluating the claim. (Doc. 27-1, ¶ 11 & p. 10).

Thereafter, Travelers placed calls to Plaintiff's counsel requesting that Plaintiff be made available to provide a statement to Travelers. (Doc. 27-1, ¶¶ 12, 13). On July 19, 2017, Travelers spoke with Plaintiff's counsel and reiterated its request that Plaintiff be made available for a statement, and Plaintiff's counsel said that he would try to locate his client for a recorded statement.  (Doc. 27-1, ¶ 13). Travelers also left a voicemail message for the named insureds on that date. (Doc. 27-1, ¶ 13).

Having not received the requested documents, a statement from Plaintiff, nor any cooperation from Plaintiff or the named insureds, Travelers sent an October 20, 2017 dated letter to the named insureds, with a carbon copy to Plaintiff's counsel, reiterating its request for a statement from Plaintiff and requesting cooperation with

6

Travelers as required under the "Duties After an Accident or Loss" conditions of the Policy. (Doc. 27, ¶ 15 & p. 12-13).

On January 9, 2018, Travelers sent a final letter to the named insureds, again copying Plaintiff's counsel, denying Plaintiff's claim due to Plaintiff's and the named insureds' complete lack of cooperation. (Doc. 27, ¶ 16 & p. 15-16). Plaintiff's and the named insureds' failure to cooperate prejudiced Travelers' ability to conduct a proper claim investigation, and as a result, Travelers was unable determine whether coverage existed under the Policy with respect to Plaintiff's claim. (Doc. 27, ¶ 17).

## C.    The Present Action

Plaintiff commenced this action against Travelers and Mr. Shelton[6] in the Circuit Court of Lawrence County, Alabama asserting negligence and wantonness claims and an UM/UIM coverage claim against Travelers.  (Doc. 1, ¶¶ 1-2).

Subsequently, Travelers discovered that Mr. Shelton died and informed Plaintiff's counsel (Doc. 1-7, p. 2) and removed this action to this Court. (Doc. 1).

---

[6] Although Plaintiff knew that Mr. Shelton was dead (Doc. 26-2, p. 9: tp. 25), Plaintiff individually named Mr. Shelton as a party to the action (Doc. 1-1, p. 3). Plaintiff also filed an executed summons with the Circuit Court of Lawrence County, Alabama stating that Mr. Shelton was personally served with the Summons and Complaint on September 7, 2018, over one year and four months after Mr. Shelton's death. (Doc. 1-4, p. 2).

## STANDARD OF REVIEW

Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The party seeking summary judgment "bears the initial burden to show the district court, by reference to materials on file, that there are no genuine issues of material fact that should be decided at trial." *Clark v. Coats & Clark, Inc*., 929 F.2d 604, 608 (11th Cir. 1991). The movant can meet this burden by presenting evidence that no dispute of material fact exists, or by showing that the nonmoving party has failed to present evidence in support of an element on which it bears the burden of proof. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986).

Where, as here, "the nonmoving party bears the ultimate burden of proof regarding the claim at issue in the summary judgment motion, that party, in response to the motion, must go beyond the pleadings and establish through competent evidence that there truly is a genuine, material issue to be tried." *Smith v. City of Greensboro*, 647 F. App'x 976, 980 (11th Cir. 2016) (citing *Celotex*, 477 U.S. at 324). "[A] complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Celotex*, 477 U.S. at 323.

"A party opposing summary judgment may not rest upon the mere allegations or denials in its pleadings. Rather, its responses, either by affidavits or otherwise as provided by the rule, must set forth specific facts showing that there is a genuine issue for trial." *Walker v. Darby*, 911 F.2d 1573, 1576–77 (11th Cir. 1990) (citing *Anderson v. Liberty Lobby*, 477 U.S. 242 (1986)). "A mere 'scintilla' of evidence supporting the opposing party's position will not suffice; there must be enough of a showing that the jury could reasonably find for that party." *Walker*, 911 F.2d at 1577.

However, "the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Anderson*, 477 U.S. at 247-48 (emphasis in original). Thus, "[i]f the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Id.* at 249-50. (citations omitted).

## ARGUMENT

## I.  THE TRAVELERS POLICY DOES NOT PROVIDE COVERAGE BECAUSE PLAINTIFF IS NOT "LEGALLY ENTITLED TO RECOVER" FROM MR. SHELTON.

Plaintiff may seek UM/UIM benefits against Travelers only if Plaintiff is "legally entitled to recover" from Mr. Shelton. *See* Ala. Code § 32-7-23(a).

9

Consistent with the language of ALA. CODE § 32-7-23, the Uninsured Motorist Coverage portion of the Policy provides, in part, as follows:

> A.   We will pay damages for bodily injury an insured is **legally entitled to recover** from the owner or operator of an "uninsured motor vehicle" because of "bodily injury":
>
>   1.   Sustained by an "insured"; and
>   2.   Caused by an accident.
>
> The owner's or operator's liability for these damages must arise out of the ownership, maintenance or use of the "uninsured motor vehicle".

(Doc. 26-4, p. 8) (emphasis added).

"'[L]egally entitled to recover' means that 'the insured *must be able to establish fault* on the part of the uninsured motorist, which gives rise to damages and *must be able to prove the extent of those damages*.'" *Ex parte Carlton*, 867 So. 2d 332, 334 (Ala. 2003) (emphasis in original) (citations omitted) (quoting *LeFevre v. Westberry*, 590 So.2d 154, 157 (Ala.1991)). Thus, Plaintiff's claim for UM/UIM benefits depends entirely on the merits of her claim against Mr. Shelton under Alabama law. *See Easterling v. Progressive Specialty Ins. Co.,* 251 So. 3d 767, 772 (Ala. 2017). The undisputed material facts show that Plaintiff is not legally entitled to recover against Mr. Shelton, and the following reasons confirm that Plaintiff's claim for UM/UIM benefits fails as a matter of law.

### A.   Plaintiff's negligence claim is barred by the Alabama Guest Passenger Statute.

At the time of the accident, Plaintiff was a "guest" in the vehicle driven by Mr. Shelton. Therefore, her negligence claim against Mr. Shelton is barred by ALA. CODE § 32-1-2 ("Alabama Guest Passenger Statute" or "Statute"). The Alabama Guest Passenger Statute states:

> The owner, operator or person responsible for the operation of a motor vehicle **shall not be liable** for loss or damage arising from injuries to or death of a guest while being transported **without payment** therefor in or upon said motor vehicle resulting from the operation thereof unless such injuries or death are caused by the **willful or wanton misconduct** of such operator, owner or person responsible for the operation of said motor vehicle.

ALA. CODE § 13–1–2 (1975) (emphasis added).

The purpose of the Statute is "to prevent generous drivers, who offer rides to guests, from being sued in what often are close cases of negligence." *Ex parte Anderson*, 682 So. 2d 467, 469 (Ala. 1996) (citations omitted).

### 1.   Plaintiff was a "guest" within the meaning of the Statute.

The Alabama Guest Passenger "[S]tatute is meant to distinguish between 'paying passengers' and mere 'guests.'" *Johnson v. Baldwin*, 584 F. Supp. 1322, 1325 (M.D. Ala. 2008) (citing *Klaber v. Elliott,* 533 So.2d 576, 577 (Ala.1988)). Under Alabama law, "if the transportation of a rider confers a benefit only on the

11

person to whom the ride is given, and no benefits other than hospitality, goodwill, or the like are conferred on the [driver], the rider is a 'guest.'" *Glass v. Clark*, 100 So. 3d 1074, 1079 (Ala. Civ. App. 2012) (alterations in original) (quoting *Sellers v. Sexton*, 576 So. 2d 172 (1991)).

In the present case, Mr. Shelton and Plaintiff were dating at the time of the accident, and Plaintiff did not pay Mr. Shelton any money for driving her the evening of the accident or at any other time. (Doc. 26-2, p. 9: tp. 26). There was no business relationship between Plaintiff and Mr. Shelton, and Plaintiff has not presented *any* evidence that the trip was anything other than purely social. *See McDougle v. Shaddrix*, 534 So. 2d 228, 230 (Ala. 1988) (holding that plaintiff was a "guest" where there was no business relationship or payment exchanged, and no evidence presented that the trip was anything other than purely social). Therefore, the only benefit possibly conferred upon Mr. Shelton by Plaintiff was her "companionship, goodwill, and/or hospitality." *See Glass*, 100 So. 3d at 1079.

Applying the uncontested material facts to the law, Plaintiff clearly meets the definition of a "guest" under the Statute and Alabama law, and Plaintiff's negligence claim is barred as a matter of law.

### 2.   Plaintiff has not presented any evidence to circumvent application of the Statute.

Plaintiff does not remember details of the accident, does not know the exact speed the vehicle was traveling, estimated that the vehicle was traveling at approximately fifteen miles per hour, and testified that she does not think Mr. Shelton was speeding at the time of the accident.   (Doc. 26-2, p. 10: tp. 31). Notwithstanding the above, when prompted by her counsel, she testified that she told Mr. Shelton to "slow down." (Doc. 26-2, p. 17: tp. 59). Even so, Plaintiff's alleged statement is **not** a protest sufficient to avoid application of the Statute.[7] *See McDougle*, 534 So. 2d at 231; *See generally Nunnari v. Mitchell*, No. 3:10-cv-01367-HDG, 2012 WL 1642178 (N.D. Ala. April 24, 2012), *adopted by* 2012 WL 1642175 (N.D. Ala. May 8, 2012).

In *McDougle*, the plaintiff attempted to circumvent Alabama's Guest Passenger Statute claiming "protest," and the Alabama Supreme Court held that plaintiff's "mere complaints . . . did not constitute sufficient 'protest' to enable [plaintiff] to circumvent Alabama's [G]uest [Passenger] [S]tatute." *McDougall*, 534 So. 2d. at 231. The Alabama Supreme Court stated that in order to avoid application

---

[7] In limited circumstances where a guest passenger is held against their will and by duress, their status may be converted from that of a "guest" to a captive passenger. *See Roe v. Lewis,* 416 So. 2d 750, 754 (Ala. 1982) (plaintiff's and corroborating witnesses' testimony of ignored protests coupled with a demand to be let out of a vehicle during high-speed chase demonstrated "at least a scintilla of evidence" to convert plaintiff's status to that of a captive passenger); *But see* ALA. CODE § 12-21-12 ("In all civil actions brought in any court of the State of Alabama, proof by substantial evidence shall be required to submit an issue of fact to the trier of the facts. . . . The scintilla rule of evidence is hereby abolished in all civil actions.").

13

of the Statute, the plaintiff "would have had to become actually a captive, an involuntary occupant held against his will and by duress." *Id.* Since "[t]here was no evidence presented to the trial court to indicate that [plaintiff] had become captive in [the defendant's] car or had even seriously complained about her driving," the Statute applied to bar plaintiff's negligence claims against the defendant driver. *Id.*

Applying *McDougall* to the facts of the present case, Plaintiff's alleged statement instructing Mr. Shelton to "slow down" is **not** sufficient evidence to convert her status from that of "guest" to a "captive passenger." Plaintiff affirmatively stated that she did not think Mr. Shelton was speeding at the time of the accident, and although she did not know the actual speed of the vehicle, she estimated that the vehicle was traveling at fifteen miles per hour. Plaintiff's alleged statement is nothing more than a mere complaint, and Plaintiff has presented no, much less substantial, evidence to demonstrate that Mr. Shelton ignored her request or that she was not a "guest" for purposes of the Statute. *See id.*; *See generally Schubert v. Smith*, 132 So. 3d 6 (Ala. Civ. App. 2013) cert. denied, (June 7, 2013).

Instead, Plaintiff's testimony supports that either Mr. Shelton was not speeding, in which her mere complaint to "slow down" was unwarranted, or that Mr. Shelton heeded her request and slowed the vehicle. Therefore, Plaintiff may not circumvent application of the Alabama Guest Passenger Statute, for holding

14

otherwise would contravene the Statute's purpose and virtually every "back seat driver" could avoid its application by a mere utterance without regard to the true status of the parties at the time of the accident.

Accordingly, Plaintiff's mere complaint is insufficient to transform her status from a "guest" to that of a "captive passenger."[8]  Therefore, Plaintiff's negligence claim is barred under the Statute and Alabama law, and Travelers is entitled to summary judgment as a matter of law.

### B.    Plaintiff has not met her burden to demonstrate wantonness.

Under Alabama law, "wantonness" is statutorily defined as "conduct which is carried on with a reckless or conscious disregard of the rights or safety of others." ALA. CODE § 6-11-20(b)(3). "In a case subject to the [Alabama] Guest [Passenger] Statute, a plaintiff's showing of 'wanton misconduct' requires more than a showing of some form of inadvertence on the part of the driver; it requires a showing of some degree of conscious culpability." *Anderson*, 682 So. 2d at 469 (citations omitted).   Therefore, Plaintiff must demonstrate that Mr. Shelton

---

[8] Notwithstanding that the Statute bars Plaintiff's negligence claim, Plaintiff has failed to present evidence to establish a prima facie case of negligence. *See Hilyer v. Fortier*, 227 So. 3d 13, 22 (Ala. 2017) (citations omitted) ("To establish negligence, the plaintiff must prove: (1) a duty to a foreseeable plaintiff; (2) a breach of that duty; (3) proximate causation; and (4) damage or injury.").

15

**consciously** undertook some action or omitted a duty with the **knowledge** that such action or inaction would probably or likely cause injury. *See Hilyer v. Fortier*, 227 So. 3d 13, 22 (Ala. 2017); *Ex parte Essary*, 992 So. 2d 5, 9 (Ala. 2007); *Tolbert v. Tolbert*, 903 So. 2d 103, 114-15 (Ala. 2004) ("Implicit in wanton, willful, or reckless misconduct is an acting, with knowledge of danger, *or with consciousness, that the doing or not doing of some act will likely result in injury*." (emphasis in original) (citation omitted)).

In *Ex parte Essary*, 992 So. 2d 5 (Ala. 2007), the Alabama Supreme Court affirmed well-established law distinguishing wantonness and negligence. In *Essary*, plaintiff alleged that the subject accident was caused by the defendant's decision to cross an intersection by "shoot[ing] the gap" between two vehicles after slowing to a "rolling stop." *Essary*, 992 So. 2d at 11. Noting that wantonness is not merely a higher degree of negligence, the Alabama Supreme Court concluded that while the defendant's conduct constituted a failure to exercise good judgment, it was insufficient to constitute a wanton act. *Id.* at 12. The court reasoned that even though the defendant made the conscious decision to cross the intersection, there was no evidence from which the trier of fact could infer that the defendant's state of mind contained "the requisite consciousness, awareness, or perception that injury was likely to, or would probably, result." *Id.* Additionally, the court in *Essary* explained

16

that "the risk of injury to [the defendant] himself was as real as any risk of injury to the plaintiffs." *Id.* Thus, a rebuttable presumption of self-preservation exists where a defendant also puts himself in harm's way. *Id.* (quoting *Griffin Lumber Co. v. Harper*, 39 So. 2d 399, 401 (Ala. 1949) (citation omitted).[9]

In *Schubert v. Smith*, an analogous case where the plaintiff guest-passenger's claims for injuries arose out of a single-vehicle accident, the Alabama Court of Civil Appeals determined that there was no evidence of wantonness. *Schubert v. Smith*, 132 So. 3d 6 (Ala. Civ. App. 2013), *cert. denied* June 7, 2013. The parties in *Schubert* were friends and students at the same school. *Schubert*, 132 So. 3d at 7. The defendant drove the plaintiff to school, and plaintiff never paid for the rides. *Id.* At the time of the accident, the defendant was driving plaintiff to another friend's house. *Id.* The defendant was driving **over the speed limit**, and the plaintiff **asked**

---

[9] Expounding on *Essary*, the United States District Court for the Middle District of Alabama stated:

> Essentially, because wantonness requires knowledge that the conduct is likely to result in harm, if the behavior at issue is similarly likely to harm the *perpetrator* (as it is, for example, in most cases involving car accidents), Alabama courts will presume that, given their understanding of human nature, people would not consciously engage in conduct so openly harmful to themselves.

*Jinright v. Werner Enterprises, Inc.*, 607 F. Supp. 2d 1274, 1276–77 (M.D. Ala. 2009) (granting defendant's motion for summary judgment where defendant pulled into plaintiff's lane of traffic resulting in plaintiff's vehicle colliding with the drivers' side of defendant's vehicle).

**him to slow down**. *Id.* The defendant slowed down, but the back tires of the vehicle left the roadway and the car rolled over. *Id.*

In an effort to show that the defendant acted with consciousness that an injury would likely result from his actions, the plaintiff provided a letter written by the defendant after the accident where he apologized to the plaintiff and stated that on the date of the accident, he had not cared if he died because of personal issues. *Id*. at 12. The trial court granted defendant's motion for summary judgment, and on appeal, the Alabama Court of Civil Appeals noted that although the letter indicated that the defendant was possibly depressed at the time of the accident, it does not serve as evidence indicating that the defendant took any action in his driving based on his being depressed. *Id.* Noting that the defendant driver's actions amounted to nothing more than inadvertence, the court affirmed the trial court's granting of summary judgment and held that the evidence did not demonstrate that the defendant had knowledge or consciousness that the vehicle would leave the roadway due to traveling at a rate of speed higher than the posted speed limit. *Id.*

As the holdings of well-established Alabama authority provide, the facts of the present case do not support Plaintiff's claim that Mr. Shelton wantonly operated the vehicle. Plaintiff has not presented any, much less substantial, evidence that Mr. Shelton possessed the requisite consciousness, awareness, or perception that injury

18

was likely to or probably would result from his actions or omissions in operating the vehicle at the time of the accident. *See Essary*, 992 So. 2d at 12; *Anderson*, 682 So. 2d 470. Furthermore, Mr. Shelton was in just as much danger as Plaintiff during the accident; therefore, the presumption of self-preservation further negates Plaintiff's wantonness claim. *See Essary*, 992 So. 2d at 11.

In viewing the evidence most favorably to Plaintiff, Plaintiff told Mr. Shelton to "slow down," but notably, she stated that she did not know the speed the vehicle was traveling, and did not think Mr. Shelton was speeding. (Doc. 26-2, p. 10: tp. 31).[10]  Plaintiff has failed to present any evidence indicative of Mr. Shelton's state of mind, that he was indifferent to the risk of injury to himself, or that Mr. Shelton consciously disregarded the safety of others, including Plaintiff.  Therefore, at most, the only reasonable inference that can be drawn from the evidence is that Mr. Shelton's conduct may have amounted to mere inattention, thoughtlessness, or heedlessness, or possibly a failure to exercise judgment. *See Essary*, 992 So. 2d at 12; *Tolbert*, 903 So. 2d at 118; *Anderson*, 682 So. 2d at 470. However, such conduct does not rise to the level of "reckless indifference" to a known danger likely to inflict injury. *See Essary*, 992 So. 2d at 12.

---

[10] Even so, evidence of speed alone is not sufficient to demonstrate wantonness. *Hicks v. Dunn*, 819 So. 2d 22 (Ala. 2001); *Schubert*, 132 So. 4d at 7.

The evidence falls woefully short of the standard required to demonstrate wantonness, and Plaintiff has failed to present any evidence, much less substantial evidence, to justify submission of her wantonness claim to a jury. Accordingly, Plaintiff's wantonness claim fails, and Travelers is entitled to summary judgment as a matter of law.

## II.   PLAINTIFF'S CLAIM FOR UM/UIM BENEFITS IS FURTHER BARRED BY THE POLICY'S EXPRESS TERMS AND CONDITIONS.

### A.   Plaintiff has not presented evidence that the vehicle was an "uninsured motor vehicle."

Under Alabama law, in order to recover uninsured motorists benefits, Plaintiff bears the burden of showing that "[n]either the owner nor the operator carrie[d] bodily injury liability insurance." ALA. CODE § 32-7-23; *see Purcell v. Alfa Mut. Ins. Co.*, 824 So. 2d 763 (Ala. Civ. App. 2001) (citations omitted). In order to satisfy this burden, Plaintiff must use "'reasonable diligence to ascertain [whether the alleged tortfeasor was uninsured] and such information was unobtainable' then the burden shifts to the insurer to prove that the alleged tortfeasor was insured." *Purcell*, 824 So. 2d at 764 (alterations in original) (quoting *Ogle v. Long*, 551 So. 2d 914 (Ala. 1989).

Here, Plaintiff has failed to meet this very minimal standard. In fact, she has not presented *any* evidence that a reasonable investigation was conducted to

20

determine whether Mr. Shelton was uninsured. Instead, Plaintiff affirmatively testified that she did not ask Mr. Shelton about insurance. (Doc. 26-2, p. 14: tp. 47-48).[11]

Although Plaintiff may attempt to claim that Mr. Shelton's death thwarted her ability to ascertain Mr. Shelton's insurance status, any contention to that effect is untenable, for prior to Mr. Shelton's death, Plaintiff had ample opportunity to inquire into whether Mr. Shelton maintained liability insurance. Furthermore, Plaintiff testified that following Mr. Shelton's death, Mr. Shelton's family called and informed her of Mr. Shelton's death, yet at no point did Plaintiff make any inquiry into whether Mr. Shelton was insured at the time of the accident.

Due to Plaintiff's failure to use reasonable diligence to determine whether Mr. Shelton maintained liability insurance at the time of the accident, she has failed to meet her burden to prove that Mr. Shelton was uninsured as required under Alabama law and the Policy.

### B.    Travelers has suffered prejudice due to Plaintiff material and substantial failure to comply with the Policy's conditions precedent to coverage.

---

[11] Furthermore, in Plaintiff's discovery responses, when asked to identify and describe communications with any insurance agency, insurance company, or representative regarding UM/UIM coverage for the vehicle involved in the accident or insurance coverage for Mr. Shelton, Plaintiff affirmatively stated "None." (Doc. 26-2, pp. 43-44).

The Travelers Policy, which includes certain conditions precedent for coverage, provides, in part, as follows:

**A.** We must be notified promptly of how, when and where the accident or loss happened.

Notice should also include the names and addresses of any injured persons and of any witnesses.

**B.** A person seeking any coverage must:

1. Cooperate with us in the investigation . . . of any claim or suit.

(Doc. 26-4, p. 34).

Alabama law recognizes the contractual duty of an insured to make a full, fair and complete disclosure of the facts related to the subject of the claim in order to enable the insurance company to determine whether the claim should be contested. *See Alabama Farm Bur. Mut. Cas. Ins. Co. v. Mills*, 123 So. 2d 138 (Ala. 1960).

The Alabama Supreme Court has consistently stated that "an insured must comply with his or her post-loss obligations when the insured is making a claim upon the insurer, and meeting those obligations is a precondition to any duty on the part of the insurer to make a loss payment." *Baldwin Mut. Ins. Co. v. Adair*, 181 So. 3d 1033, 1045 (Ala. 2014) (citations omitted).

Non-cooperation is deemed prejudicial if the failure to cooperate 'negate[s] the only evidence the insurer could offer in defense,' *Williams [v. Ala. Farm Bur. Mut. Cas. Ins. Co.]*, 416 So.2d [744,] 747, or the insurer is deprived of the opportunity to conduct an

22

investigation and mount a defense. *See generally United States Fire Ins. Co. v. Watts,* 370 F.2d 405 (5th Cir.1966).

*Colorado Cas. Ins. Co. v. The Kirby Co.,* CV 2:05-178-CSC-WO, 2008 WL49996, at *4 (M.D. Ala. Jan. 14, 2008).

From the very outset of Traveler's claim investigation, Plaintiff and the named insureds failed to cooperate with Travelers as required by the conditions precedent to coverage under the Policy. The undisputed evidence establishes that, over a period of several months and despite actual knowledge of the relevant Policy terms, Plaintiff and the named insureds failed and refused to speak to Travelers.

This material and substantial failure to cooperate continued for more than ten months after the accident. By virtue of this failure to comply with the Policy's conditions precedent, Travelers was unable to evaluate coverage for Plaintiff's claim, and it prejudiced in its defense of the present action.

As evidenced by Plaintiff's deposition testimony, Plaintiff is unable to remember important details of the single-vehicle accident that is the subject of this action. Since Mr. Shelton is deceased and there were no other parties or witnesses to the accident, Travelers has been forced to rely on Plaintiff's incomplete and internally inconsistent deposition testimony in its defense of the present action.

Accordingly, Travelers is entitled to summary judgment based on Plaintiff's and the named insureds' failure to comply with the Policy's express conditions precedent to coverage.

## CONCLUSION

As the foregoing reasons demonstrate, there is no genuine issue of material fact in this case, and Travelers is entitled to judgment as a matter of law. Recognizing Plaintiff's claim runs afoul of the Alabama Guest Passenger Statute and would constitute a palpable expansion of state tort law.

The undisputed evidence demonstrates that Plaintiff was a voluntary "guest" passenger in the vehicle Mr. Shelton was driving at the time of the accident; therefore, the Alabama Guest Passenger Statute completely bars Plaintiff from establishing liability against Mr. Shelton for negligence. With regard to wantonness, Plaintiff has failed to present *any*, much less substantial, evidence from which the trier of fact could reasonably infer Mr. Shelton consciously undertook some action or omitted some duty with knowledge that such actions or inactions would probably result in injury.

Therefore, Plaintiff is not legally entitled to recover against Mr. Shelton, and her UM/UIM claim against Travelers fails as a matter of law. Notwithstanding, Plaintiff's claim against Travelers is further precluded by Alabama law and the terms

24

and conditions precedent to coverage under the Policy. Accordingly, Travelers is entitled to summary judgment as a matter of law.

WHEREFORE, PREMISES CONSIDERED, Travelers respectfully requests that the Court grant its Motion for Summary Judgment and dismiss this action in its entirety with prejudice.

Respectfully submitted,

/s/ Kenneth W. Boyles, Jr.
Joel S. Isenberg (ASB-8855-N76J)
Susan H. McCurry (ASB-5544-G54S)
Kenneth W. Boyles, Jr. (ASB-6784-M55B)

**OF COUNSEL:**
ELY & ISENBERG, LLC
2100-B SouthBridge Parkway, Suite 380
Birmingham, Alabama 35209
Telephone:   (205) 313-1200
Facsimile:   (205) 313-1201
jisenberg@elylawllc.com
smccurry@elylawllc.com
kboyles@elylawllc.com

## <u>CERTIFICATE OF SERVICE</u>

I do hereby certify that a true and accurate copy of the foregoing has been served on all parties of record via the CM/DOC. electronic filing system and/or U.S. Mail on this the 5th day of March, 2020.

David L. Graves
SHUNNARAH INJURY LAWYERS
2900 First Avenue South
Birmingham, Alabama 35233

/s/ Kenneth W. Boyles, Jr.
**OF COUNSEL**

26