
FILED
2020 Apr-27  PM 03:12
U.S. DISTRICT COURT
N.D. OF ALABAMA

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ALABAMA**
**NORTHEASTERN DIVISION**

| | | |
|---|---|---|
| **DEBRA HOWARD,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 5:19-cv-01377-MHH** |
| | ) | |
| **THE TRAVELERS HOME** | ) | |
| **AND MARINE INSURANCE** | ) | |
| **COMPANY** | ) | |
| | ) | |
| **Defendant.** | ) | |

**REPLY IN SUPPORT OF THE TRAVELERS HOME MARINE AND**
**INSURANCE COMPANY'S MOTION FOR SUMMARY JUDGMENT**

OF COUNSEL:

Joel S. Isenberg
jisenberg@elylawllc.com
Susan H. McCurry
smccurry@elylawllc.com
Kenneth W. Boyles, Jr.
kboyles@elylawllc.com

ELY & ISENBERG, LLC
2100-B SouthBridge Parkway, Suite 380
Birmingham, Alabama 35209
Telephone:   (205) 313-1200
Facsimile:   (205) 313-1201

## **INTRODUCTION**

Plaintiff's response to Travelers' motion for summary judgment does not establish the existence of genuine disputes of material fact or the essential elements of her claim for uninsured/underinsured motorist ("UM/UIM") coverage benefits. Instead, Plaintiff's submission contains allegations that are not directly relevant to the issues and often contrary to the undisputed factual record. Plaintiff's response is based on mere speculation and conjecture, which cannot defeat a motion for summary judgment. *See, e.g., Cordoba v. Dillard's, Inc*., 419 F.3d 1169, 1181 (11th Cir. 2005) (citation omitted) ("Speculation does not create a genuine issue of fact; instead, it creates a false issue, the demolition of which is a primary goal of summary judgment").

In short, Plaintiff does not produce sufficient evidence from which a reasonable jury could return a verdict in her favor. In Plaintiff's own words, "Plaintiff was a 'guest' passenger in the vehicle Mr. Shelton was driving at the time of the [accident]." (Doc. 34 ¶ 4). Because the Alabama Guest Passenger Statute ("Statute") bars Plaintiff's negligence claim and she fails to present any competent evidence to support her wantonness claim, Plaintiff is not legally entitled to recover against Mr. Shelton. Therefore, Plaintiff's UM/UIM claim against Travelers fails as a matter of law.

Moreover, the evidence conclusively establishes that Plaintiff failed to comply with the Policy's conditions. Therefore, Plaintiff's claim against Travelers is precluded

by Alabama law and the Policy's terms and conditions precedent to coverage. Accordingly, Travelers is entitled to judgment as a matter of law.

## RULE 56(c)(2) OBJECTIONS

As a preliminary matter, Travelers objects to certain material Plaintiff cites in her response brief. Rule 56(c)(2) provides that "[a] party may object that the material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence." FED. R. CIV. P. 56(c)(2).[1]

### A.  Mr. McCaleb's inadmissible hearsay statement, which cannot be reduced to admissible form, is due to be excluded.

In Plaintiff's "Response to Defendant's Material Facts," Plaintiff mischaracterizes her own deposition testimony to support her allegation that "Plaintiff alleges that Mr. Shelton was attempting to kill her by having the car wreck. (Doc. 26-2, p. 7: tp. 18)." (Doc. 35, p. 3). The cited portion of Plaintiff's deposition does not support this allegation.[2] Instead, Plaintiff testified that she heard Mr. McCaleb, the

---

[1] These objections function much like trial objections, and "[t]he burden is on the proponent to show that the material is admissible as presented or to explain the admissible form that is anticipated." FED. R. CIV. P. 56(c)(2) advisory committee's note to 2010 amendments.

[2] The relevant portions of Plaintiff's deposition testimony provide as follows:

> Q.    And you knew Adam McCaleb, too; right?
> A.    Yes. [Mr. McCaleb] said he was going to have Adam [Shelton] have a car wreck with me in it and kill me. I remember Adam McCaleb.

(Doc. 26-2, p. 7 : tpp. 17-18). Plaintiff later testified, "In the back of my mind, I had **kind of thought** that I heard earlier that day that I was – I was planned on getting killed by – **McCaleb told Adam [Shelton].**" (Doc. 26-2, p. 18: tp. 62) (emphasis added).

2

person who rented the vehicle, say he was going to get Mr. Shelton to have a car wreck with her in it. (Doc. 26-2, p. 7 : tpp. 17-18). When viewed as a whole, the record is entirely devoid of evidence supporting Plaintiff's allegation or that Mr. Shelton acted in conformity with Mr. McCaleb's alleged inadmissible hearsay statement.

FED. R. OF EVID. 801 defines hearsay as "a statement that: (1) the declarant does not make while testifying at the current trial or hearing; and (2) a party offers in evidence to prove the truth of the matter asserted in the statement." FED. R. EVID. 801. Because Mr. McCaleb's alleged statement is not prior testimony or an opposing party's statement, it falls squarely within this definition. *See* FED. R. EVID. 801(d). Moreover, this textbook hearsay testimony is inadmissible under FED. R. EVID. 803(3) to prove Mr. Shelton's intent or state of mind, for Rule 803(3)'s adoption was expressly qualified "to limit the doctrine of *Mutual Life Insurance Co. v. Hillmon*, 145 U.S. 285, 295-300 (1892), so as to render statements of intent by a declarant admissible only to prove his future conduct, **not the future conduct of another person**." FED. R. EVID. 803(3) advisory committee's note to 1974 amendments (emphasis added). Therefore, Mr. McCaleb's purported statement is inadmissible to prove the intentions, mental processes, or future conduct of Mr. Shelton. Accordingly, no exception to the rule against hearsay applies. *See* FED. R. EVID. 803.

3

"The general rule is that inadmissible hearsay cannot be considered on a motion for summary judgment." *Macuba v. Deboer,* 193 F.3d 1316, 1322 (11th Cir. 1999) (footnote omitted). Nevertheless, "a district court may consider a hearsay statement in passing on a motion for summary judgment if the statement could be reduced to admissible evidence at trial or reduced to admissible form." *Macuba*, 193 F. 3d at 1323. *See, e.g., Pritchard v. S. Co. Serv's.*, 92 F.3d 1130, 1135 (11th Cir. 1996) (holding that a party "cannot use inadmissible hearsay to defeat summary judgment when that hearsay will not be reducible to admissible form at trial").

However, because Plaintiff cannot meet her burden to show that Mr. McCaleb's alleged inadmissible hearsay statement could be reduced to admissible form, any references or mischaracterizations of this non-party's alleged inadmissible hearsay statement must be excluded.[3] *See Ayanwale v. Alabama Dep't of Youth Servs.*, No. 2:12-CV-2191-AKK, 2014 WL 3809814, at *4 (N.D. Ala. July 30, 2014); *Green v. City of Northport,* No. 7:11-CV-2354-SLB, 2014 WL 1338106, at *4 (N.D. Ala. Mar. 31, 2014) (citations omitted) ("Plaintiff's testimony as to [third-party's] statement and his counsel's statement that [third party] will be called at trial, 'without more, cannot

---

[3] In addition, impeachment evidence does not constitute admissible substantive evidence and "cannot create a genuine issue of fact at the summary judgment stage." *See Nat'l Specialty Ins. Co. v. Martin-Vegue,* 644 F. App'x 900, 905–06 (11th Cir. 2016) (citing *McMillian v. Johnson,* 88 F.3d 1573, 1584 (11th Cir. 1996) (holding that impeachment evidence is not substantive and "may not be used to create a genuine issue of material fact for trial")).

transform . . . [third party's] hearsay statements into admissible evidence for purposes of summary judgment.'").

Furthermore, Mr. McCaleb's alleged hearsay statement is also immaterial and irrelevant to proving that Plaintiff was a "guest" passenger, that Mr. Shelton was negligent or wanton, or that Plaintiff is entitled to UM/UIM coverage. Instead, Plaintiff attempts to interpose a purported inadmissible hearsay statement to cloud the true issues before this Court. Therefore, pursuant to FED. R. EVID. 402, any references or mischaracterizations of this alleged hearsay statement are due to be excluded.[4]

### B.   Plaintiff's references to inadmissible portions of the Alabama Uniform Traffic Crash Report are due to be excluded.

In response to Travelers' motion for summary judgment, Plaintiff introduces inadmissible portions of the Alabama Uniform Traffic Crash Report ("Report"). (Doc. 26-1). Alabama Code § 32-10-11 states that accident reports are inadmissible as evidence in civil cases, and when offered to prove matters not personally observed by the reporting officer, Alabama courts hold that accident reports constitute inadmissible hearsay. *See, e.g. Ex parte McKenzie*, 37 So. 3d 128, 133 (Ala. 2009) (location of

---

[4] At no time during discovery did Plaintiff disclose Mr. McCaleb as a witness (Doc. 26-2, p. 35-37). Moreover, Plaintiff neither relied on Mr. McCaleb's statement as a fact to support her contention that the accident was Mr. Shelton's fault (Doc. 26-2, pp. 43, 35-37) nor deposed Mr. McCaleb. Although Travelers specifically asked Plaintiff at her deposition to supplement and/or provide amended discovery responses and disclosures, Plaintiff never provided any updated responses or initial disclosures. (Doc. 26-2, p. 14 : tp. 47, p. 16 : tp. 53). Therefore, pursuant to FED. R. CIV. P. 37, Plaintiff may not rely on Mr. McCaleb's alleged hearsay statement.

accident admissible because officer personally observed); *Worsham v. Fletcher*, 454 So. 2d 946, 947 (Ala. 1984) (report date, intersection description, weather, and matters personally observed were admissible, but where officer not qualified as expert, information not personally observed deemed inadmissible).

In the present case, the investigating officer did not personally observe the accident made the basis of this lawsuit. Instead, admissible portions of the Report state that law enforcement was notified of the accident at 2:30 a.m., and Officer White arrived at the accident scene sixteen minutes later at 2:56 a.m. (Doc. 26-1, p. 1). Therefore, Plaintiff cannot rely on those portions of the Report that are based on information that the officer did not personally observe.[5]

Furthermore, under the Federal Rules of Evidence, a witness can testify in the form of a specialized opinions only once the witness is properly qualified as an expert. FED. R. EVID. 702. In this case, Plaintiff neither identified any expert witnesses nor has any witness been qualified as an expert. If a witness is not qualified as an expert, the witness can only testify in the form of an opinion if the opinion "is limited to one that

---

[5] Specifically, with the exception of the vehicle position as observed by the investigating officer, the following consecutive sentences within Plaintiff's "Response to Defendants Material Facts" are due to be excluded in their entirety: (1) "Additionally, Mr. Shelton's vehicle slid off the road . . .." (Doc. 35, p. 3); (2) "The vehicle made impact . . .." (*Id.*); (3) "Because of the physical evidence . . .. (Doc. 26-1, p[p]. 2-3)." (*Id.*). Therefore, any references to the same within Plaintiff's "Argument" should not be considered be this Court, including the following: "Furthermore, the investigating officer noted. . .. (Doc. 26-1, p[p]. 2-3)." (Doc. 35, p. 9); "Plaintiff in this case was injured when the vehicle . . .. (Doc 26-1, p[p]. 2-3)." (Doc. 35, p. 10).

is: (a) rationally based on the witness's perception; (b) helpful to clearly understanding the witness's testimony or to determining a fact in issue; and (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702." FED. R. EVID. 701. Therefore, Plaintiff's attempt to elicit any information contained within the Report not personally observed by Officer White (*e.g.,* causation, speed, and location/trajectory of the vehicle prior to his arrival at the accident scene) is inadmissible and cannot be presented in a form that would be admissible in evidence. Thus, any references to the same are due to be excluded.

**C.    Portions of Plaintiff's evidentiary submission and unsupported and/or argumentative statements in Plaintiff's "Response to Defendant's Material Facts" are due to be excluded.**

"If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion . . . unless the failure was substantially justified or is harmless." FED R. CIV. P. 37(c)(1). Here, Plaintiff's submissions to the Court undoubtedly run afoul of the discovery rules. From the very outset of this action, Plaintiff failed to provide information as required by the discovery rules, and when asked to provide information, Plaintiff failed to produce the very documents she attempts to rely in responding to Travelers' motion for summary judgment. (*See* Doc. 26-2, p. 14: tp. 47). Because Plaintiff's failure to provide this information was neither substantially

justified nor harmless, Plaintiff may not rely on this purported evidence in support of her response to Travelers' motion for summary judgment.[6]

Moreover, Plaintiff's reliance on mere allegations without any citation to, much less support from, the record should be not be considered by this Court.[7] *See Jones v. Coty, Inc.*, 362 F. Supp. 3d 1182, 1195-96 (S.D. Ala. 2018) ("To the extent that plaintiffs have asserted facts in their briefs without factual support or citation to the record, the appropriate course of action is to disregard those statements"). Therefore, as addressed herein, these unsupported allegations and argumentative statements, which are often contradicted by the record, are due to be excluded.

## <u>TRAVELERS' REPLY ARGUMENT</u>

**I.    THE POLICY DOES NOT PROVIDE COVERAGE BECAUSE PLAINTIFF IS NOT "LEGALLY ENTITLED TO RECOVER" FROM MR. SHELTON**

### A.    Plaintiff's negligence claim is barred because Plaintiff was a "guest" passenger in the vehicle.

---

[6] Specifically, Plaintiff may not rely on Exhibit B of Plaintiff's Evidentiary Submission (Doc. 33-2) or any other information not provided during discovery as detailed herein.

[7] Specifically, the following sentences are due to be excluded: (1) "Plaintiff attempted to cooperate with the Defendant as required by the insurance policy." (Doc. 35, p. 3); (2) "Defendant admits that Plaintiff agreed to give a recorded statement and attempted to make themselves available for a recorded interview with the Defendant." (*Id.*); (3) "Plaintiff provided Defendant with all of the medical records and bills . . .. This took some time because of the significant injuries and length of time that the Plaintiff had to undergo medical treatment." (Doc. 35. pp. 3-4); (4) "Additionally, Plaintiff called Mr. Shelton." (Doc. 35, p. 4).

Plaintiff has not and cannot present any evidence that she was not a "guest" for purposes of the Alabama Guest Passenger Statute. *See* Ala. § Code 32-1-2. Instead, Plaintiff agrees with the following operative facts: she and Mr. Shelton were dating; she never paid Mr. Shelton for driving her from place to place; and she did not pay Mr. Shelton for this particular trip. In fact, Plaintiff affirmatively states, "Plaintiff was a 'guest' passenger in the vehicle Mr. Shelton was driving at the time of the wreck." (Doc. 34 ¶ 4). Therefore, because Plaintiff has presented no evidence that the trip was anything other than purely social, Plaintiff was a "guest" under the Statute and as defined by Alabama law. *See McDougle v. Shaddrix*, 534 So. 2d 228, 230 (Ala. 1988).

### B. The Statute applies because Plaintiff was not actually a captive passenger held against her will and by duress.[8]

In Section I. B. of Plaintiff's response, Plaintiff relies on *Roe v. Lewis*, 416 So. 2d 750 (Ala. 1982), but this reliance is misplaced because *Roe* is inapplicable to the present case. As stated in Travelers' initial brief, in *Roe*, the Alabama Supreme Court determined that, in the context of a high speed chase, corroborating testimony of protests coupled with a demand to be let out of the vehicle demonstrated at least a **scintilla of evidence** that the plaintiff's ignored protests converted his status from that of a "guest" to a captive passenger. *See Roe,* 416 So. 2d at 754.

---

[8] *See McDougle v. Shaddrix*, 534 So. 2d 228, 231.

In *Roe*, the defendant drove the plaintiff and their two friends around and eventually to a party. *Id.* at 751. Throughout the course of the evening, the defendant drank "four or five beers" and "acknowledged that he was 'high' but not drunk." *Id.* After the party, the defendant continued driving the plaintiff and their two friends around, and defendant drove onto the front lawn of a house with plans to "trench" the lawn. *Id.* But, his plan was thwarted when the homeowner pulled up in another vehicle, and a high-speed chase between the two vehicles ensued through "windy roads" in Hoover. *Id.* at 751-52. The plaintiff testified that "prior to the accident, defendant's driving scared him." *Id.* at 752. "[H]e asked defendant to slow down, or to stop the car," but "the defendant did not respond to his requests." *Id.* The Alabama Supreme Court determined that "testimony supported plaintiff's contention that plaintiff asked defendant to slow down or stop, but that defendant **ignored** his request[;]" therefore, there "was at least a **scintilla of evidence** that plaintiff's protests terminated the guest-host relationship before the accident occurred." *Id.* at 754 (emphasis added).

Unlike *Roe*, the present action does not involve a high-speed chase, intoxicated driver, or demand to stop or be let out of the vehicle, nor is there any evidence that Mr. Shelton ignored Plaintiff's mere complaint. Moreover, *Roe* was evaluated under the "scintilla of evidence" standard, which was abolished by ALA. CODE § 12-21-12.

Therefore, the Alabama Supreme Court's decision in *Roe* has at most limited application to the present case.

Instead, the decision in *McDougall v. Shaddrix*, 534 So. 2d 228 (Ala. 1988) dictates that Plaintiff's mere complaint to slow down does "not constitute sufficient 'protest' to enable [Plaintiff] to circumvent Alabama's guest statute; rather, to avoid the guest statute by using protest, as was done in *Roe v. Lewis,* [Plaintiff] would have had to become **actually a captive**, an involuntary occupant held against h[er] will and by duress." *See McDougle*, 534 So. at 231 (emphasis added).

In the present case, Plaintiff has presented no evidence that her mere complaint to slow down was coupled with a demand to exit the vehicle, much less evidence that Plaintiff was actually a captive held against her will and by duress.[9] Furthermore, Plaintiff has not presented any evidence that Mr. Shelton did not heed her alleged request to slow down. Instead, Plaintiff testified that she did not think Mr. Shelton was speeding and estimated that the vehicle was traveling approximately fifteen miles per hour. (Doc. 29, p. 15; Doc. 26-2, p. 10 : tp. 31). Therefore, either Mr. Shelton heeded her request and slowed the vehicle, or her request to slow down was completely unwarranted. Accordingly, Plaintiff was a "guest" for purposes of the Statute, and the

---

[9] "'[D]uress is defined as subjecting a person to improper pressure which overcomes his will and coerces him to comply with demands to which he would not yield if acting as a free agent.'" *Kruse v. City of Birmingham*, 67 So. 3d 910, 915 (Ala. Civ. App. 2011) (citation omitted).

captive passenger exception to the Statute does not apply. Therefore, Plaintiff's claim for UM/UIM benefits based on negligence is barred.

Even if the Statute did not apply to support judgment as a matter of law in favor of Travelers, Travelers still prevails because Plaintiff failed to present any evidence to show that any breach of duty on the part of Mr. Shelton proximately caused the accident. Instead, Plaintiff testified that she did not think Mr. Shelton was speeding, and she has not presented any evidence that Mr. Shelton violated any rule of the road or was otherwise negligent at the time of accident. In fact, Plaintiff does not know what caused the accident.[10] The evidence merely shows that Mr. Shelton and Plaintiff were involved in a single-vehicle accident. Therefore, as noted in Travelers' brief, Plaintiff has failed to present prima facie evidence of negligence. Accordingly, Plaintiff's claim for UM/UIM benefits based on negligence is further precluded, and Travelers is entitled to summary judgment as a matter of law.

### C. Plaintiff has failed to present any evidence that Mr. Shelton consciously undertook some action with knowledge that injury would probably result.

---

[10] "Although the existence of proximate cause is 'almost always' a question of fact, almost always is not always. A district court may enter judgment for a failure of proof of proximate cause when the non-moving party cannot present substantial evidence on the issue." *Bates v. Alabama CVS Pharmacy, LLC*, No. 5:18-CV-00624-MHH, 2020 WL 1639964, at *2 (N.D. Ala. Feb. 28, 2020) (internal citations omitted) (granting summary judgment in premises liability action, which "the elements of negligence are the same as those in any tort litigation" where plaintiff did not know what caused her fall) (citations omitted).

Plaintiff's Response completely fails to address the "rebuttable presumption against a finding of wantonness when the defendant's actions put both a defendant and a plaintiff at the same risk of injury," which the Alabama Supreme Court and this Court have consistently applied to "wantonness claims arising from a car accident and asserted against a driver." *See*, *e.g. Smith v. Schwan's Food Serv.,* No. 7:13-CV-00844-RDP, 2015 WL 5559825, at *5 (N.D. Ala. Sept. 18, 2015) (citing *Ex Parte Essary,* 992 So.2d 5, 12 (Ala. 2007); *Roberts v. Brown,* 384 So.2d 1047, 1050 (Ala. 1980) ("There is a rebuttable presumption recognized by the law that every person in possession of his normal faculties in a situation known to be dangerous to himself, will give heed to instincts of safety and self-preservation to exercise ordinary care for his own personal protection.") (citation omitted). Moreover, no exception to the rebuttable presumption applies to the present case.[11]

Instead, Plaintiff "generally agrees" that the undisputed facts are as follows: Plaintiff and Mr. Shelton were dating. Plaintiff was riding in the passenger seat of a 2015 Nissan Altima that Mr. Shelton was driving. Plaintiff does not remember what caused the accident, but she stated the vehicle hit a utility pole. Plaintiff does not think Mr. Shelton was speeding and estimated that the vehicle was traveling at maybe

---

[11] *See, e.g., McCutchen v. Valley Home, Inc.*, 100 F. Supp. 3d 1235, 1240 (N.D. Ala. 2015) (presumption did not apply to collision involving 74,000 pound 18-wheeler tractor trailer); *Johnson v. Baldwin*, 584 F. Supp. 2d 1322 (M.D. Ala. 2008) (presumption did not apply where defendant drove in reverse on major interstate).

13

fifteen miles per hour on a stretch of highway with a forty-five miles per hour speed limit. Applying these uncontested facts to the law, the presumption of self-preservation against a finding of wantonness applies.

Even if the presumption of self-preservation did not apply, Plaintiff has still failed to present any evidence to show that Mr. Shelton consciously acted or failed to act, which resulted in the accident.[12] The Alabama Supreme Court has repeatedly stated that "[b]efore a party can be said to be guilty of wanton conduct it must be shown that with reckless indifference to the consequences he consciously and intentionally did some wrongful act or omitted some known duty which produced the result." *Tuscaloosa Cty. v. Barnett*, 562 So. 2d 166, 169 (Ala. 1990) (quoting *Roberts v. Brown*, 384 So. 2d 1047, 1048 (Ala. 1980)). Moreover, in quoting *Roberts*, this Court recently reiterated that "[t]he most crucial element of wantonness is knowledge, and while that element need not be shown by direct evidence . . . it may **not** be left to the conjecture or speculation of the jury." *Nooney v. Taylor Pallets & Recycling, No*. 1:17-CV-01519-SGC, 2020 WL 1083147, at *5 (N.D. Ala. March 4, 2020) (citing *Roberts v. Brown*, 384 So. 2d 1047, 1048 (Ala. 1980)) (emphasis added).

---

[12] Plaintiff's attempt to create an illusory truth effect continues with her inaccurate statement that "Plaintiff testified that Mr. Shelton was trying to kill her." (*See* Doc. 35, p. 9). Not only does Plaintiff's deposition not support this statement but, when viewed as a whole, the record is devoid of any evidence to infer Mr. Shelton's knowledge, conduct, or intent at the time of the accident.

In the present case, even if Mr. McCaleb's inadmissible hearsay statement was considered by the Court, Plaintiff has still failed to present any evidence of Mr. Shelton's conduct at the time of the accident.[13] Instead, the record is devoid of any evidence of Mr. Shelton's knowledge, intent, or conduct; therefore, any finding of wantonness would be based solely on conjecture or speculation, which may not defeat a motion for summary judgment. *See, e.g., Cordoba v. Dillard's, Inc*., 419 F.3d 1169, 1181 (11th Cir. 2005). Plaintiff's failure to produce any evidence of Mr. Shelton's acts or omissions, much less any evidence to satisfy this knowledge requirement, is fatal to Plaintiff's claim for UM/UIM benefits based on a theory of wantonness, and Travelers is entitled to summary judgment as a matter of law.

## II. PLAINTIFF'S CLAIM IS BARRED BY THE POLICY'S TERMS AND CONDITIONS TO COVERAGE

"In the absence of statutory provisions to the contrary, insurance companies have the same right as individuals to limit their liability, and to impose whatever conditions they please upon their obligations not inconsistent with public policy; and the courts have no right to add anything to their contracts or to take anything from

---

[13] Much like *Roe*, Plaintiff's reliance on *Collins v. Shelley,* 514 So. 2d 1358 (Ala. 1987) is similarly flawed. In *Collins*, the Alabama Supreme Court found "at least a scintilla of evidence of wantonness on the defendant's part" where it was reasonably inferable that the defendant either did not stop at a stop sign or sped across three lanes of traffic and a median in disregard of oncoming traffic. *Collins,* 514 So. 2d at 1360-61. Not only was *Collins* evaluated under the scintilla of evidence, but also the facts of the present case bear no similarity to those of *Collins*. Instead, the facts of this case are like those in *Schubert v. Smith*, 132 So. 3d 6 (Ala. Civ. App. 2013), *cert. denied* June 7, 2013, as detailed in Travelers' initial brief. (Doc. 29, pp. 19-20).

them." *Upton v. Miss. Valley Title Ins. Co.*, 469 So. 2d 548, 554 (Ala. 1985) (citation omitted). Therefore, the Policy's provisions and conditions precedent to coverage are applicable.[14]

### A.    Plaintiff did not conduct a reasonable investigation to determine whether Mr. Shelton was uninsured.

Plaintiff did not conduct a reasonable investigation to determine whether Mr. Shelton was uninsured. Instead, Plaintiff affirmatively stated that she did not communicate with Mr. Shelton or any insurance agency, insurance company, or any representative of any insurance agency or insurance company regarding insurance coverage for Mr. Shelton for the automobile accident. (Doc. 26-2, pp. 43-44). Yet, Plaintiff has now attempted to introduce a purported March 1, 2017 letter to Mr. Shelton that Plaintiff did not produce in discovery. (Doc. 33-2). Even though this submission to the Court is due to be excluded, even considering this letter, it alone is not enough to demonstrate that Plaintiff conducted a reasonable investigation to determine whether Mr. Shelton was uninsured at the time of the accident.[15] *See Ogle v. Long*, 551 So. 2d 914, 916-17 (Ala. 1989) (holding plaintiff did not produce evidence of a reasonably diligent investigation to raise presumption that tortfeasor was

---

[14] Notably, the provisions at issue in the present case are not exclusions to coverage. Instead, the operative portions of the Policy at issue are the insuring agreement and conditions to coverage.

[15] Moreover, Plaintiff's unsupported statements that Plaintiff attempted to call Mr. Shelton but received no response are due to be excluded. (Doc. 35, p. 12).

uninsured where plaintiff filed lawsuit and took default judgment, but did not contact insurance or motor vehicle authorities to determine whether tortfeasor had liability coverage). Accordingly, Travelers is entitled to summary judgment as a matter of law.

### B. Plaintiff's material and substantial failure to comply with the conditions precedent to coverage have prejudiced Travelers.

Plaintiff's contortions of the record continue into her response regarding noncompliance with the Policy's conditions precedent to coverage.[16] The uncontested material facts show that, for over of ten months, Travelers made repeated efforts to contact Plaintiff and the named insureds. Plaintiff never made herself available to provide a statement to Travelers, and the named insureds Travelers refused to speak with Travelers. This failure and outright refusal to speak to Travelers deprived Travelers of the opportunity to investigate Plaintiff's claim. As such, it amounts to a material and substantial failure to comply with the Policy's conditions precedent.

As the Middle District of Alabama explained:

> [I]nsurers include post-loss duties requiring the insured to provide information that will shed light on [the claim]. If the insured refuses, his or her non-cooperation will in and of itself amount to a breach. With this in mind, it makes sense to construe the post-loss duty provisions as strict conditions precedent to coverage, as the *Nilsen* and *Hillery* courts have done, because doing so forces the insured to help the insurer investigate

---

[16] The record is devoid of any support that Plaintiff agreed to be available for a recorded interview. (Doc. 35, p. 13). Instead, "[o]n or about July 19, 2017, Travelers spoke with Plaintiff's counsel and reiterated its request that Plaintiff be made available for a statement, and Plaintiff's counsel said that he would try to locate his client for a recorded statement." (Doc. 27-1, p. 4 ¶ 13).

the merits of the claim at the outset rather than allowing him to
**stonewall** and let him hold the **threat of litigation** over the insurer's
head like the sword of Damocles.

*Pittman v. State Farm Fire & Cas. Co.,* 868 F. Supp. 2d 1335, 1347–48 (M.D. Ala.

2012), *aff'd,* 519 F. App'x 656 (11th Cir. 2013) (emphasis added) (holding insureds

failure to submit information reasonably requested by the insurer amounted to a

breach of a strict condition precedent to coverage).

This is exactly what Plaintiff has done in the present case. Upon receiving

notice of Plaintiff's claim on March 1, 2017, Travelers sought information from

Plaintiff and the named insureds to determine whether Plaintiff was an "insured" and

to evaluate the extent to which coverage, if any, was afforded under the Policy. For

example, on March 9, 2017, Travelers sent Plaintiff's counsel a letter specifically

requesting, among other items, "medical bills, records, and reports." Having received

no response, Travelers repeatedly contacted and reminded Plaintiff's counsel and the

named insureds of their duty to comply with the policy conditions. Yet, Travelers'

reasonable requests for information were not met with any sort of cooperation by

Plaintiff or the named insureds. Instead, for over ten months, Plaintiff engaged in a

pattern of stonewalling and threats of litigation (*See* Docs. 33-3, p. 9; 1-9, pp. 2, 4), all

without providing a statement or so much as speaking to Travelers. As a result of

Plaintiff's failure to so much as even speak to Travelers, much less to provide the

18

requested information or a recorded statement, Travelers was unable to conduct an investigation into the claim.[17] Thus, Travelers was unable to determine whether Plaintiff was an insured or coverage was afforded under the Policy.

Plaintiff's response points to a February 1, 2018 dated letter for the proposition that "Plaintiff submitted all medical records and bills." (Doc. 35, p. 13). Notably, this letter is dated 329 days (over 10 months) after Travelers' request and includes a demand for payment in excess of the Policy's limits. (*Compare* Doc. 33-3, p. 9 *with* Doc. 1 ¶ 24). Moreover, Plaintiff never made herself available to provide a statement as Travelers repeatedly requested. (Doc. 27-1, p. 5 ¶ 14).

As the Middle District of Alabama explained, Plaintiff's pattern of stonewalling is exactly the type of material and substantial failure that the Policy conditions are designed to prevent. *See Pittman,* 868 F. Supp. 2d at 1347–48. By virtue of Plaintiff's material and substantial failure to comply with the conditions of the Policy, Travelers suffered prejudice in its defense of the present action. Accordingly, Travelers is entitled to summary judgment as a matter of law.

---

[17] In Plaintiff's response, Plaintiff's statement that "Defendant was independently investigating this case and was the first to discover the untimely death of Mr. Shelton" is not supported by the record. Instead, Travelers discovered Mr. Shelton's death over 10 months after Plaintiff initiated this action and purported to have personally served Mr. Shelton. (*Compare* Doc. 1 ¶ 8 *with* Doc. 26-2, p. 9: tp. 25).

## **CONCLUSION**

Plaintiff has failed to submit any evidence that creates a genuine issue of material fact in this case. Instead, Plaintiff relies primarily on bare allegations and inadmissible evidence, which are simply not enough to defeat summary judgment. Even considering this evidence, Plaintiff still fails to present any, much less substantial, evidence to show that the Alabama Guest Passenger Statute does not apply or that Mr. Shelton was even negligent, let alone wanton at the time of the accident.

Moreover, the evidence shows that Plaintiff failed to comply with the conditions precedent to coverage under the Travelers Policy. Therefore, for all of the reasons stated above and articulated in Travelers' motion for summary judgment and brief, Travelers is entitled to judgment as a matter of law.

WHEREFORE, PREMISES CONSIDERED, Travelers respectfully requests that this Honorable Court find that no genuine issue of material fact exists and enter full and final summary judgment in Travelers' favor.

Respectfully submitted,

/s/ Kenneth W. Boyles, Jr.
Joel S. Isenberg (ASB-8855-N76J)
Susan H. McCurry (ASB-5544-G54S)
Kenneth W. Boyles, Jr. (ASB-6784-M55B)

**OF COUNSEL**
ELY & ISENBERG, LLC
2100-B SouthBridge Parkway, Suite 380
Birmingham, Alabama 35209

(205) 313-1200
(205) 313-1201 fax
jisenberg@elylawllc.com
smccurry@elylawllc.com
kboyles@elylawllc.com

## **CERTIFICATE OF SERVICE**

I do hereby certify that a true and accurate copy of the foregoing has been served on all parties of record via the CM/DOC. electronic filing system and/or U.S. Mail on this the 27th day of April, 2020.

David L. Graves
SHUNNARAH INJURY LAWYERS
2900 First Avenue South
Birmingham, Alabama 35233

/s/ Kenneth W. Boyles, Jr.
**OF COUNSEL**

21